**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **T.G.-1, T.G.-2, and K.G.**

**No. 22-807** (Kanawha County 21-JA-364, 21-JA-365, and 21-JA-367)

**MEMORANDUM DECISION**

Petitioner Mother T.G.-3.[1] appeals the Circuit Court of Kanawha County's September 28, 2022, order terminating her parental rights to the children, T.G.-1, T.G.-2, and K.G.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In June 2021, the DHHR filed a petition alleging that petitioner gave birth to T.G.-1 at home and, when admitted to the hospital, petitioner and the child's umbilical cord tested positive for illegal substances. The petition further alleged that T.G.-2 was in petitioner's custody at that time but that K.G. was in a legal guardianship with her maternal grandmother as a result of a prior proceeding.[3]

Although the circuit court docket sheet indicates that an adjudicatory hearing was held in August 2021[4], the circuit court failed to enter an order adjudicating petitioner as an abusing and/or neglecting parent and did not make any specific findings as to how each child was either abused

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Benjamin Freeman appears as guardian ad litem for the children.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because several of the individuals involved in this case share the same initials, we will refer to them as T.G.-1, T.G.-2, and T.G.-3, respectively.

[3]A fourth child of petitioner's, A.G., was initially named in the petition and was in a legal guardianship with the maternal grandmother. However, A.G. was dismissed from the proceedings because he turned eighteen years old in August 2022.

[4]A copy of the adjudicatory hearing transcript was not included in the record on appeal.

1

and/or neglected. The court nevertheless proceeded to disposition in September 2022. During the dispositional hearing, counsel for petitioner raised the issue of jurisdiction over K.G. due to her legal guardianship with the grandmother, citing *In re C.S.*, 247 W. Va. 212, 875 S.E.2d 350 (2022). In response, the court stated that despite the guardianship, the child K.G. had been negatively affected by petitioner and terminated petitioner's parental rights to all three children. It is from the dispositional order that petitioner appeals.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred by terminating her parental rights to K.G. when the child was in a legal guardianship prior to this proceeding and that the circuit court erred by terminating her parental rights to T.G.-1 and T.G.-2 rather than employing a less restrictive alternative.

Before we can consider petitioner's argument as to termination, we must first address petitioner's argument regarding K.G.'s legal guardianship, the court's failure to adjudicate the children, and these issues' impact on the court's jurisdiction.

We have held that,

> "[f]or a circuit court to have jurisdiction over a child in an abuse and neglect case, the child must be an 'abused child' or a 'neglected child' as those terms are defined in West Virginia Code § 49-1-201 (2018). Pursuant to West Virginia Code § 49-4-601(i), (2019), a circuit court's finding that a child is an 'abused child' or a 'neglected child' must be based upon the conditions existing at the time of the filing of the abuse and neglect petition." Syl. Pt. 8, *In re C.S. and B.S.*, 247 W. Va. 212, 875 S.E.2d 350 (2022).

Syl. Pt. 2, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023). We further clarified that,

> [t]he mere fact that a child is in a legal guardianship at the time an abuse and neglect petition is filed does not preclude a circuit court from exercising subject matter jurisdiction in adjudicating whatever rights a respondent to that petition may still have to that child, provided that the child meets the definition of an "abused child" or "neglected child" as defined in West Virginia Code § 49-1-201 (2018) so as to confer that jurisdiction. To exercise subject matter jurisdiction, the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties named in the petition. Due to the jurisdictional nature of this question, generalized findings applicable to all children named in the petition will not suffice; the circuit court must make specific findings with regard to each child so named.

---

[5]The permanency plan for T.G.-1 and T.G.-2 is reunification with their non-offending father. The permanency plan for K.G. is to remain in the guardianship with her grandmother.

*Id.* at --, 886 S.E.2d at 366, Syl. Pt. 3. Here, the court failed to enter an adjudicatory order, let alone make any findings as to whether each child meets the definition of an abused or neglected child necessary to confer jurisdiction. Therefore, not only can this Court not analyze whether the lower court properly exercised jurisdiction over K.G., given the child's placement in a legal guardianship, but the court failed to take the necessary steps to find that any of the children were abused and/or neglected. We, therefore, must remand the matter on these grounds.

It follows that because the circuit court failed to enter an adjudicatory order, it was error to continue to disposition. We have recognized that failure to enter an order adjudicating a petitioner of abuse and/or neglect constitutes a frustration or disregard of the clear language of the relevant rules and statutes. *See In re C.T.-1*, No. 22-0047, 2022 WL 3960166, at *3 (W. Va. Aug. 31, 2022). West Virginia Code § 49-4-601(i) specifically provides that,

> [a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and *shall make findings of fact* and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent, *all of which shall be incorporated into the order of the court.*

(Emphasis added). Moreover, we have held that,

> "before a court can begin to make any of the dispositional alternatives under W. Va. Code [§ 49-4-604], it must hold a hearing under W. Va. Code [§ 49-4-601], and determine 'whether such child is abused or neglected.' *Such a finding is a prerequisite to further continuation of the case.*" Syl. Pt. 1, *State v. T.C.*, 172 W. Va. 47, 303 S.E.2d 685 (1983).

Syl. Pt. 3, in part, *In re A.P.-1*, 241 W. Va. 688, 827 S.E.2d 830 (2019) (emphasis added). Therefore, the circuit court erred in proceeding to disposition without making appropriate findings of fact and conclusions of law and entering an order adjudicating the children.

Accordingly, we must vacate the circuit court's September 28, 2022, order terminating petitioner's parental rights and remand the matter with instructions for the circuit court to issue an adjudicatory order, setting forth specific findings regarding petitioner and each child named in the petition and for further proceedings consistent with the applicable rules and statutes governing these proceedings. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn

Bunn, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised herein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.